UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES WOMMACK,            *

   Plaintiff              *

v.                        *         CIVIL NO. JKB-19-1720

CERES TERMINALS, INC.,    *

   Defendant              *

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Pro se plaintiff James Wommack sued his former employer, Ceres Terminals, Inc. ("Ceres"), for race-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, and for wrongful discharge in violation of the Americans with Disabilities Act of 1990 ("ADA"), § 2 *et seq.*, 42 U.S.C. § 12101, *et seq.* Ceres moved to dismiss, or, alternatively, for summary judgment, and the matter is fully briefed. No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, Ceres's motion to dismiss Wommack's Title VII claim will be granted and Ceres's motion for summary judgment on Wommack's ADA claim will be denied.[1]

*I.    Factual and Procedural Background*

The central dispute in this case is whether Wommack was terminated from his job at Ceres, a company that loads and unloads automobiles from ships at the Port of Baltimore. (M.T.D & M.S.J. Mem. at 2, ECF No. 6-1.) Wommack was employed as a driver at Ceres and was represented by the International Longshoremen's Association, Local 33 ("Union") while

---

[1] Also pending is Wommack's motion requesting leave to file a sur-reply (ECF No. 12). This matter will be addressed below.

1

employed in this position. (*Id.* at 2.) Wommack injured his right foot at Ceres in July 2014, resulting in a permanent partial disability of his right foot. (Opp'n Mem. Ex. 1 at 12, ECF No. 10-1.)[2] After his injury, Wommack did not return to work for several years and instead received workers' compensation benefits, disability benefits, and accident and sickness benefits from the STA-ILA Benefits Fund. (M.T.D & M.S.J. Mem. at 3.) In March 2018, Wommack returned to work at Ceres as a driver, but after one day of work he said that he could not perform the job because of his injury. (*Id.* at 3–4.) Ceres then employed Wommack in light duty work until April 30. (*Id.* at 5.) According to Ceres, light duty work "is *not collective bargaining work* under the Local 333 Agreement and is offered only as a worker's compensation benefit and means of easing an injured employee back to work." (*Id.*) Light duty employees are paid at a lower rate than employees engaged in full duty "bargaining" work, such as driving, and this pay is supplemented by workers' compensation benefits. (*Id.* at 5 n.2.)

Soon after Wommack began light duty work, a dispute arose regarding whether Wommack could physically return to his full duty job as a driver. (Opp'n Mem. at 3.) On March 28, 2018, Dr. Cohen provided an independent medical evaluation and opined that Wommack "is capable of working full time, full duty." (M.T.D & M.S.J. Mem. Ex. 2 at 2.) On April 26, 2018, Wommack's physician, Dr. Miller, stated that Wommack could not perform full duty work. (M.T.D & M.S.J. Mem. at 4.) On April 29, 2018, Wommack's attorney in a separate workers' compensation case filed a complaint against Ceres challenging its position that light duty positions are non-bargaining positions. (Opp'n Mem. at 4.)

Wommack asserts he was terminated from his employment at Ceres on May 1, 2018. (Compl. at 5.) Ceres states that it "did nothing more than contest Plaintiff's claim to continuing

---

[2] Wommack's exhibits to his opposition memorandum appear in a single PDF document. Because the exhibits do not have separate labels, the Court will refer to all documents within the PDF as "Ex. 1."

2

worker's compensation benefits" after Dr. Cohen's report stated Wommack was able to return to full duty work. (M.T.D & M.S.J. Mem. at 2.) Ceres explains, "[o]nce Plaintiff was cleared to return to work by Dr. Cohen, Ceres stopped paying worker's compensation and ended Plaintiff's light duty." (*Id.* at 5.)

Around this time, Wommack received a Notice of Controversion, dated May 2, 2018, from the Department of Labor alerting him to the fact that Ceres was challenging his right to receive workers' compensation benefits. (Opp'n Mem. at 4, Ex. 1 at 44.)[3] On May 4, 2018, Wommack signed an application to apply for a job as a bulldozer operator at Domino Sugar ("Domino"). (Opp'n Mem. Ex. 1 at 26.) In his application, Wommack stated that he was currently on Ceres's "list" and agreed to leave that job if his application was accepted by Domino. (*Id.*) His application was subsequently accepted and he soon began working for Domino. (M.T.D & M.S.J. Mem. at 6.) Ceres argues that Wommack voluntarily left his job at Ceres by accepting this job. (*Id.*)

On June 6, 2018, Wommack filed a complaint with the Union in which he sought to determine whether he was still employed by Ceres. (Opp'n Mem. Ex. 1 at 10.) He made this request "[b]ecause I was told by Bill Wade and the safety officer[] that I could not work for Ceres anymore." (*Id.*) In the Union meeting discussing this complaint, the Board noted that "Ceres stated that Mr. Wommack is not employable for Ceres at the present time. The Union claims that Mr. Wommack is employable for Ceres." (*Id.* at 4.)

As evidence that Wommack was not fired, Ceres points to a July 13, 2018 letter it sent to Wommack's counsel in the separate workers' compensation case. In the letter, Ceres writes:

> If you get work restrictions from Dr. Miller as to what functions the Claimant can perform, we will be happy to see if there is any jobs the Claimant can perform the essential duties of the job within Dr. Miller's work restrictions, with reasonable accommodations. Also,

---

[3] Wommack states he received this letter days after he was terminated on May 1 (Opp'n Mem. at 4), but it is unclear whether he received this letter before applying to the job at Domino.

> of course, you can present Dr. Miller with the Ceres' job descriptions, and see if he will sign off on them and opine that the Claimant can safely work those jobs. If he does so and clears the Claimant to safely work any longshore jobs, Ceres will work the Claimant in those jobs, if his seniority gets him the job.

(M.T.D & M.S.J. Mem. Ex 4.) Ceres also asserts that it could not have terminated Wommack without following the procedure set out in the Union agreement, which Ceres states it did not do. (Reply at 6–7, ECF No. 11.)

Wommack's complaint also alleges racial discrimination in violation of Title VII, but he presents no facts in support of this claim. Wommack clarified in his opposition brief that he had not intended to make a claim under Title VII and voluntarily consented to withdrawal of this claim. (Opp'n Mem. at 1–2.)

## II. *Motion to File Sur-Reply*

As a preliminary matter, the Court addresses Wommack's motion for leave to file a sur-reply. Though sur-replies are generally not permitted, *see* Local Rule 105.2(a), the court in its discretion may allow a party to file a sur-reply, *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part*, 778 F.3d 463 (4th Cir. 2015). This discretion is typically used in the interest of fairness to permit parties to respond to new matters raised for the first time in the opposing parties' reply briefs. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). However, courts have also used this discretion to permit pro se parties to file sur-replies even where no new matters were raised in the reply brief. *See Williams v. Bartee*, Civ. No. CCB-10-935, 2011 WL 2842367, at *2 (D. Md. July 14, 2011), *aff'd sub nom. Williams v. Merritt*, 469 F. App'x 270 (4th Cir. 2012) (permitting pro se party to file sur-reply that does not address new material but also does not "unduly prejudice defendants"). Courts have also permitted pro se parties to file sur-replies where the opposing party has not objected to

the filing. *See Zhang v. Sci. & Tech. Corp.*, 382 F. Supp. 2d 761, 767 (D. Md. 2005), *aff'd*, 174 F. App'x 177 (4th Cir. 2006).

Here, Ceres's reply brief contained new evidence, including the Affidavit of Victor Thomas (Reply Ex. 4) and the Union bargaining agreement (*id.* Ex. 10). In his motion for leave to file a sur-reply, Wommack requests the ability "to respond to newly provided evidence" presented by Ceres. (Mot. Leave S.R. at 2, ECF No. 12.) In Wommack's proposed sur-reply, he specifically contests Mr. Thomas's characterization of the work he completed while on light duty as well as Ceres's assertion that the only way it could have terminated Wommack was through the Union's procedures. (Sur-reply at 3–5, ECF No. 12-1.) Wommack also attaches an affidavit to his sur-reply in which he describes the work he did while on light duty and reaffirms that he was indeed fired from Ceres. (Wommack Aff., ECF No. 12-3). Because Ceres submitted new evidence with its reply brief, Wommack requested an opportunity to reply to that new evidence, and Ceres did not oppose Wommack's motion to file a sur-reply, the Court will grant Wommack's motion. Accordingly, the Court's analysis will consider the material contained in Wommack's sur-reply. The Clerk will be directed to docket the sur-reply.

### III. *Nature of the Motions*

Ceres has filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or, in the alternative, for summary judgment pursuant to Rule 56. The Court will first determine which standard will be used to judge this motion.

Ceres challenges Wommack's claim for racial discrimination under Rule 12(b)(1) for lack of subject matter jurisdiction. (M.T.D & M.S.J. Mem. at 7–10.) Jurisdictional challenges should be resolved prior to summary judgment because summary judgment is meant to "go[] to the merits of a case." *U.S. Equal Employment Opportunity Comm'n v. Phase 2 Investments Inc.*, 310 F. Supp.

5

3d 550, 560 n.6 (D. Md. 2018); *see* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2713 (4th ed.) ("[T]he general rule is that it is improper for a district court to enter a judgment under Rule 56 for defendant because of a lack of jurisdiction.") Accordingly, the Court will evaluate Ceres's challenge to Wommack's racial discrimination claim under Rule 12 as opposed to Rule 56.

The Court will consider the remainder of Ceres's motion as a motion for summary judgment under Rule 56 and not one seeking dismissal under Rule 12. Pursuant to Rule 12(d), a motion to dismiss must be converted into one for summary judgment if the moving party presents evidence outside of the pleadings that the court considers, so long as the parties are "given a reasonable opportunity to present all the material that is pertinent to the motion." The court may deny or defer consideration of a summary judgment motion "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "[T]he nonmoving party cannot complain that summary judgment was granted without discovery unless that party . . . made an attempt to oppose the motion on the grounds that more time was needed for discovery or moved for a continuance to permit discovery before the district court ruled." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). Though Rule 56 contemplates that the opposing party file an affidavit or declaration, courts will still consider whether to deny or defer consideration of a summary judgment motion without this supporting documentation so long as the opposing party "has adequately informed the district court that the motion is pre-mature and that more discovery is necessary." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002).

Wommack has not asserted that summary judgment is premature or that more time is needed to conduct necessary discovery. Rather, Wommack opposes Ceres's motion for summary

judgment because he claims there is a genuine dispute of material fact regarding whether he was terminated. (Opp'n Mem. at 2–3, 6.) Wommack has also attached his own exhibits to his opposition motion. (*Id.* Ex. 1.) Because Wommack has raised no objection to treating Ceres's motion as one for summary judgment and has in fact attached his own exhibits to his opposition memorandum, the Court will consider Ceres's motion as one for summary judgment.

The Court will address each of Plaintiff's claims in turn.

## IV. Title VII Claim

Ceres challenges Wommack's Title VII claim of racial discrimination for lack of subject matter jurisdiction under Rule 12(b)(1). The burden of demonstrating subject matter jurisdiction exists rests on the plaintiff. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). When evaluating whether subject matter jurisdiction exists at the motion to dismiss stage, the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

"Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir.2002). This "ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005). Accordingly, only claims that are "reasonably related" to a party's EEOC charge "and can be expected to follow from a reasonable administrative investigation" may then be brought in a civil action. *Smith v. First Union Nat. Bank*, 202 F.3d 234, 247 (4th Cir. 2000).

7

Though Wommack states in his opposition brief that he consents to withdrawal of his Title VII complaint, "parties cannot amend their complaints through briefing or oral advocacy" *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013); *see Uzoechi v. Wilson*, Civ. No. JKB-16-3975, 2017 WL 3968535, at *1 (D. Md. Sept. 8, 2017) (remanded in part on other grounds) (not considering allegations contained in a pro se plaintiff's briefing that were not contained in the complaint). Accordingly, the Court will address this claim on jurisdictional grounds.

Ceres argues that the Court lacks subject matter jurisdiction over Wommack's racial discrimination claim because Wommack failed to bring a claim of racial discrimination in his EEOC charge against Ceres. The EEOC notice of Wommack's charge of discrimination against Ceres states that Wommack's charge was filed under the ADA. (Reply Ex. 1.) Wommack does not contest that the Court lacks subject matter jurisdiction over his Title VII claim. Rather, in response, Wommack clarified that he had not intended to make a claim under Title VII. (Opp'n Mem. at 1–2.) Wommack also attached the corresponding notice of his right to sue on the ADA charge to his opposition brief. (Opp'n Mem. Ex 1 at 29; *see also* Reply Ex. 1.) Because Wommack's EEOC charge only related to a violation of the ADA, this Court does not have jurisdiction over any claim that Ceres violated Title VII. Accordingly, Ceres's motion to dismiss Wommack's Title VII claim for lack of subject matter jurisdiction is granted.

## V. ADA Claim

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current

Rule 56(a)). The moving party has the burden to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). Still, the opposing party must present those facts and cannot rest on denials. The opposing party must set forth specific facts, either by affidavit or other evidentiary showing, demonstrating a genuine dispute for trial. Fed. R. Civ. P. 56(c)(1). Furthermore, the opposing party must set forth more than a "mere . . . scintilla of evidence in support of [his] position." *Anderson*, 477 U.S. at 252.

Granting summary judgment motions in employment discrimination disputes is "particularly disfavored," *Lowman v. Maryland Aviation Admin.*, Civ. No. JKB-18-1146, 2019 WL 133267, at *9 (D. Md. Jan. 8, 2019), and "courts must take special care . . . because motive is often the critical issue," *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996). However, even in the employment discrimination context, granting a summary judgment motion "remains appropriate if the plaintiff cannot prevail as a matter of law." *Evans*, 80 F.3d at 958–59.

### *B. Analysis*

To succeed on a wrongful discharge claim under the ADA, a plaintiff must demonstrate: "(1) he is within the ADA's protected class; (2) he was discharged; (3) at the time of his discharge, he was performing the job at a level that met his employer's legitimate expectations; and (4) his

discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Haulbrook v. Michelin North America, Inc.*, 252 F.3d 696, 702 (4th Cir. 2001). Ceres's sole argument in favor of summary judgment is that Wommack was not fired from Ceres.[4]

The parties spend much of their briefing on issues related to a separate workers' compensation dispute between the parties. While this is useful in providing the context for this dispute, it does not shed light on the sole issue facing the Court at this juncture: whether Wommack was fired by Ceres on or about May 1, 2018, as alleged in his complaint. After reviewing the parties' briefings and supporting documentation, it remains unclear what exactly occurred the day Wommack alleges he was terminated from Ceres. Wommack asserts under the penalty of perjury that he was fired. (Wommack Aff.) He presents evidence of his complaint to the Union regarding his employment status at Ceres shortly after the alleged termination as well as Ceres's response that he was "not employable . . . at the present time." (Opp'n Mem. Ex. 1 at 4, 10.) Ceres claims it only contested Wommack's eligibility for workers' compensation benefits and told him he could no longer work on light duty. It is certainly conceivable that when Wommack was told he could no longer work on light duty, at a time when his medical provider had opined that he was not medically able to perform full duty, he was actually or effectively fired. It is also conceivable that Wommack misunderstood whatever communication occurred on May 1 and that Ceres did not actually terminate him.

Regardless of what may or may not have occurred that day, it is not the judge's role at summary judgment "to weigh the evidence and determine the truth of the matter." *Anderson v.*

---

[4] Ceres also argues in favor of summary judgment on a failure to accommodate claim under the ADA. However, though Wommack's original EEOC charge contained a failure to accommodate claim (Reply Ex. 1), this claim is not listed in his Complaint. Because Wommack only makes a wrongful discharge claim in his Complaint (Compl. at 5), the Court will only address those arguments related to wrongful discharge. Failure to accommodate is not part of this case.

*Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the role of the judge at this stage is to "determine whether there is a genuine issue for trial." *Id.* Because Wommack has raised a genuine dispute of material fact about whether he was terminated from Ceres, the Court need not address the additional elements of a wrongful discharge claim. Ceres has not met its burden to demonstrate that no genuine dispute of material fact exists regarding Wommack's ADA claim and the Court will therefore deny Ceres's motion for summary judgment on this claim.

### VI. Conclusion

For the foregoing reasons, an Order shall enter granting Ceres's motion to dismiss Wommack's Title VII claim for lack of subject matter jurisdiction and denying Ceres's motion for summary judgment on Wommack's ADA claim.

DATED this 12 day of September, 2019.

BY THE COURT:

_____
James K. Bredar
Chief Judge